# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| R-LOTUS: Justice, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 14-cv-1631 |
|  | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION DISMISSING CASE**

Plaintiff R-Lotus: Justice ("Plaintiff"), a resident of Ohio, has filed a document entitled "Writ of Prohibition and Demand for Quash of Warrants" (ECF No. 1) in which she seeks relief "for the torts and trespasses put upon [her]" in connection with traffic and criminal charges and proceedings against her in Ohio state court in 2012 and 2014, and her detention related to those charges ("Ohio Proceedings"). (*Id.* at 4-7.) She names as defendants the United States, the State of Ohio, the Franklin County Ohio Municipal Court, the Franklin County Court of Common Pleas, the Supreme Court of the State of Ohio, the United States District Court for the Southern District of Ohio Eastern Division, the City of Columbus, Ohio, the Franklin County Ohio Sheriff's Office, and the Columbus, Ohio Division of Police. Plaintiff asks this Court, among other things, to prohibit Defendants from asserting jurisdiction over her in the Ohio Proceedings and to quash criminal warrants that the Franklin County, Ohio Municipal Court has issued against her. (*Id.*)

It is unclear why Plaintiff names the United States as a defendant in this matter because she pleads no facts showing any federal officer involvement in the Ohio

Proceedings. Nevertheless, to the extent that Plaintiff seeks to assert any tort claim against the United States (*see id.* at 4), such a claim would fall under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). A special venue provision, 28 U.S.C. § 1402, applies to FTCA actions, which mandates that a plaintiff bring an FTCA claim in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402. Plaintiff resides in Ohio and all the underlying events occurred in Ohio, and therefore the District of Columbia is not the proper venue for litigating any tort claim against the United States.

With respect to the claims that Plaintiff asserts against other Defendants, the Court can discern no connection to the District of Columbia, in that all of these Defendants are located in Ohio and all of the underlying events took place in Ohio. Venue in this district is therefore improper for litigating any claims against these Defendants. *See* 28 U.S.C. § 1391(b). This Court has considered transferring this action to the district where Plaintiff currently resides and where the underlying events took place—the Southern District of Ohio, Eastern Division—but notes that Plaintiff has named the United States District Court in that district as a defendant in this action (even though no specific allegations have been made regarding the conduct of officials of that court in relation to Plaintiff's criminal and traffic cases, nor could any such claims likely be sustained given the principles of absolute judicial immunity). Nevertheless, given that venue is improper in this Court and that it would be imprudent to transfer this matter to a district court that is also named as a defendant in this action, this Court will **DISMISS** the action without prejudice.

A separate Order accompanies this Memorandum Opinion.


Date:  November 7, 2014                   *Ketanji Brown Jackson*
                                          KETANJI BROWN JACKSON
                                          United States District Judge